IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT CAPOTE, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CONCIERGE GROUP SERVICES, LLC, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Robert Capote ("Capote") brings this Complaint against Defendant Concierge Group Services, LLC ("Concierge") and shows the Court as follows:

## Introduction

1.

This is a wage and hour case.

2.

Concierge employed Capote as a driver and installer from on or about November 2, 2020 through approximately May 25, 2021 (hereinafter, "the Relevant Time Period"). Although Capote regularly worked more than forty hours each week, Defendant failed to pay him an FLSA overtime premium for such overtime hours.

1

**Jurisdiction and Venue**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Concierge is located in Alpharetta, Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

5.

Concierge employed Capote as a driver and installer in and around Atlanta, Georgia from approximately November 2, 2020 through approximately May 25, 2021.

6.

At all times during the Relevant Time Period, Capote has been an "employee" of Concierge as FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1), defines that term.

7.

Concierge is a domestic limited liability company organized under the laws of the State of Georgia.

8.

At all times material hereto, Concierge has been an "employer" of Capote as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

Concierge is subject to the personal jurisdiction of this Court.

10.

Concierge may be served with process through its registered agent, David S. Cooper 1600 Parkway Circle, Atlanta, Georgia 30339.

**Individual Coverage**

11.

Throughout the Relevant Time Period, Capote operated a truck owned by Defendant for the purpose of providing installation services for customers.

12.

Throughout the Relevant Time Period, Capote "engaged in commerce" as employees of Concierge as FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) define that term.

**Enterprise Coverage:**

13.

Throughout the Relevant Time Period, Concierge has been an "enterprise engaged in commerce or in the production of goods for commerce" as FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) define that term.

14.

Throughout 2020, Concierge had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

Throughout 2021, Concierge had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

Throughout the Relevant Time Period, Capote and other employees of Concierge handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Concierge including office supplies, appliances, trucks, and gasoline.

17.

Throughout 2020, Concierge had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

Throughout 2021, Concierge had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

Throughout 2020, Concierge had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

Throughout 2021, Concierge had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

Throughout Relevant Time Period, Concierge has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**Lack of Exemption**

22.

Throughout the Relevant Time Period, Capote was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

23.

Throughout the Relevant Time Period, Capote was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

24.

Throughout the Relevant Time Period, Concierge did not employ Capote in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

25.

Throughout the Relevant Time Period, Concierge did not employ Capote in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

26.

Throughout the Relevant Time Period, Concierge did not employ Capote in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

27.

Throughout the Relevant Time Period, Capote did not supervise two or more employees.

28.

Throughout the Relevant Time Period, Concierge did not employ Capote in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

29.

Throughout the Relevant Time Period, Capote was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

30.

Throughout the Relevant Time Period, Capote's work for Defendant did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

31.

Throughout the Relevant Time Period, Capote normally operated a box truck in his performance of work on behalf of Defendant.

32.

Throughout the Relevant Time Period, Capote did not travel outside of the State of Georgia in the performance of his duties for Concierge.

33.

Throughout the Relevant Time Period, Capote did not have a Commercial Driver's License.

34.

At all times material hereto, Capote did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

**Additional Factual Allegations**

35.

Concierge is a leading luxury appliance installation company that delivers, installs, and repairs high-end appliances for residential customers.

36.

During the Relevant Time Period, customer orders were placed directly through Concierge or through other distributors that Concierge contracted with for installation services.

37.

During the Relevant Time Period, Capote normally drove Concierge's truck to distribution locations to pick up customer orders and then drove to the customer's home to install appliances.

38.

During the Relevant Time Period, Capote normally removed customers' old appliances to be recycled.

39.

Throughout the Relevant Time Period, all of Capote's working efforts were directed at serving Defendant's customers and/or customers of distributors with whom Concierge contracted.

40.

Throughout the Relevant Time Period, Defendant compensated Capote at a daily rate for the work he performed on behalf of Concierge.

41.

Defendant initially compensated Capote at a daily rate of $150.00 for the work he performed on behalf of Concierge.

42.

Within his first few months of his employment, Defendant raised Capote's daily rate to $160.00 for the work he performed on behalf of Concierge.

43.

Throughout the Relevant Time Period, Defendant compensated Capote at a daily rate regardless of the number of hours he worked each day or week.

44.

Throughout the Relevant Time Period, Defendant generally scheduled Capote to work five (5) days during most, if not all, work weeks.

45.

Throughout the Relevant Time Period, the number of hours Capote worked each week varied depending on his work assignments.

46.

Throughout the Relevant Time Period, Capote normally worked from 7:30 a.m. until 5:00 p.m.

47.

Throughout the Relevant Time Period, Capote at times worked as late as 8:00 p.m. performing services on behalf of Concierge.

48.

Throughout the Relevant Time Period, Concierge did not provide Capote with a scheduled meal break during which time he was free from all work duties.

49.

Throughout the Relevant Time Period, Concierge discouraged Capote and other employees from taking a meal break.

50.

Throughout the Relevant Time Period, Capote normally worked 50-55 hours during most, if not all, work weeks performing services on behalf of Concierge.

51.

Throughout the Relevant Time Period, Defendant has been aware of the actual number of hours Capote worked.

52.

Defendant knew or should have known that the FLSA applied to Capote.

53.

Defendant knew or should have known that Capote was entitled to FLSA overtime protections.

54.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendant compensate Capote at a rate of one–and–one–half times his regular rate for all time worked in excess of forty (40) hours in a work week.

55.

Defendant knew or should have known that the Section 7 of the FLSA requires that Defendant pay Capote a premium for all hours worked above forty hours in a workweek.

56.

29 C.F.R. § 778.118 requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

57.

Throughout the Relevant Time Period, Capote regularly worked more than forty (40) hours during each workweek.

58.

Throughout the Relevant Time Period, Defendant failed to compensate Capote at one-half of his regular rate for each hour worked in excess of forty hours in each week.

59.

Throughout the Relevant Time Period, Defendant willfully failed to compensate Capote at one-half of his regular rate for each hour worked in excess of forty hours in each week.

60.

Throughout the Relevant Time Period, Defendant knew or should have known that the Section 7 of the FLSA requires that Defendant compensate Capote a premium for all time worked in excess of forty hours in a given workweek.

### Count 1 - Failure to Pay Overtime

61.

The allegations in paragraphs 1-60 above are incorporated by reference.

62.

Throughout the Relevant Time Period, Capote was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

63.

Throughout the Relevant Time Period, Capote regularly worked in excess of forty (40) hours during each work week.

64.

Throughout the Relevant Time Period, Defendant failed to pay Capote at one-and-one-half times his regular rate for time worked in excess of forty (40) hours during each work week.

65.

Defendant willfully failed to pay Capote at one–and–one–half times his regular rate for work in excess of forty (40) hours in any week from November 2, 2020 through .

66.

Capote is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

67.

As a result of the underpayment of overtime compensation as alleged above, Capote is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

68.

As a result of the underpayment of overtime compensation as alleged above, Capote is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Capote respectfully prays:

1. That his claims be tried before a jury;
2. That he be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendant;
3. That he be awarded an additional like amount as liquidated damages against Defendant;
4. That he be awarded his costs of litigation, including his reasonable attorneys' fees from Defendant;
5. That he be awarded nominal damages; and
6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                              **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC**

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303        */S/CHARLES R. BRIDGERS*
(404) 979-3150                    CHARLES R. BRIDGERS
(404) 979-3170 (f)                GA. BAR NO. 080791
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com     */S/ KEVIN D. FITZPATRICK, JR.*
                                               KEVIN D. FITZPATRICK, JR.
                                               GA. BAR NO. 262375