## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into on the date executed below by and between Robert Capote and Concierge Group Services, LLC (Concierge Group Services, LLC will be referred to as "Defendant") (Robert Capote and Concierge Group Services, LLC will be collectively referred to as the "Parties") on their own behalf and on behalf of their respective, past and present heirs, successors, assigns, partners, attorneys, agents, employees, and insurers.

1.      **Non-Admission.** This Agreement does not constitute an admission by Defendant of any violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence of an admission of liability or wrongful conduct of any kind.  Defendant contends that it timely and fully paid all wages owed to Capote pursuant to the Fair Labor Standards Act ("FLSA") during his employment, and denies that it owes Capote for any alleged unpaid wages or any other amount Capote is claiming.

2.      **No Other Claims.**  The Parties agree and understand that Capote filed a lawsuit titled Robert Capote v. Concierge Group Services, LLC, Civil Action Number 1:21-cv-04124-SDG pending in the United States District Court for the Northern District of Georgia, alleging a claim for unpaid overtime under the FLSA ("Lawsuit").  Capote and Defendant desire fully and finally to resolve any and all claims in the above Lawsuit and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Capote against Defendant or any other Released Parties (as defined below) relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.  Capote represents that no other charges, actions or claims are pending on Capote's behalf, other than as set forth in this paragraph.

3.      **No Other Claims for Wages.**  Upon receipt of the proceeds specified in this Agreement, Capote agrees that he has been fully paid for all hours worked for Defendant and that he does not have any claims for wages, overtime, liquidated damages, attorney's fees, or any other claims against Defendant or any other Released Parties.

4.      **Court Approval of Settlement and Dismissal of Lawsuit.**  Capote agrees to take all action necessary to withdraw or otherwise close and dismiss with prejudice any and all claims currently pending against Defendant or any other Released Party, including dismissal with prejudice of the Lawsuit in its entirety.  Capote further agrees to cooperate in obtaining court approval of this settlement and Capote agrees to dismiss with prejudice the above-referenced Lawsuit, and Capote understands that this settlement is contingent on dismissal with prejudice of the Lawsuit.  The Parties will cooperate in the filing of a joint motion for approval of the settlement.

5.      **Payment to or on behalf of Capote.**  In consideration for signing this Agreement and the promises contained in this Agreement, Defendant agree to pay Capote the total gross sum of TWELVE THOUSAND AND FIVE HUNDRED DOLLARS AND ZERO CENTS ($12,500.00) which will be paid by three checks as follows: one check to Capote for alleged back wages in the amount of $1,400.00, less appropriate payroll withholding as required by law and for which Defendant will issue an IRS Form W2; one check to Capote in the amount of $1,400.00 ($900.00 of which is for alleged liquidated damages under the FLSA and $500.00 of which is for the general release of all non-FLSA claims and other terms of this Agreement) and for which Defendant will issue Capote an IRS Form 1099; and one check to Charles R. Bridgers, Attorney,

LLC in the amount of $9,700.00 for attorney's fees and costs and for which Defendant will issue an IRS Form 1099.  Capote agrees that the check to Charles R. Bridgers, Attorney, LLC on behalf of Delong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC covers all attorneys' fees and costs related in any way to Capote's claims against Defendant, and Capote agrees to indemnify and defend Defendant against any claims for such fees and costs.

These checks will be mailed to Charles Bridgers, Esq. at Delong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC within 21 days after receipt of the final order from the Court approving this settlement and dismissing the Lawsuit with prejudice.  Capote agrees to provide completed W-4 and W-9 tax forms or other tax forms that may reasonably be requested from himself and his attorneys in relation to the above payments, and Capote understand that delay in providing these forms may delay delivery of the checks.

6.    **Waiver and Mutual Release of All Claims.**  Capote, on behalf of himself, his descendants, dependents, heirs, executors, administrators, assigns, and successors fully, finally and forever releases and discharges Defendant on its own behalf and on behalf of its respective, past and present heirs, successors, assigns, partners, attorneys, agents, employees, and insurers ("Released Parties") from any and all claims and rights of any kind that Capote may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, any claims and rights arising out of or in way connected with Capote's employment with Defendant or the termination of Capote's employment.  These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Fair Labor Standards Act, Sections 503 and 504 of the Rehabilitation Act of 1973, the National Labor Relations Act, the Family Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to fraudulent inducement to enter into this contract, and any and all claims for attorney's fees.  Capote represents that he knows of no claim against any Released Party that he has that has not been released by this paragraph, and that the release in this paragraph is intended to release Defendant and all other Released Parties from liability for any and all possible claims by Capote, known or unknown, that exist or may exist as of the date of this Agreement.  Furthermore, Defendant, finally and forever releases and discharges Capote from any and all claims and rights of any kind that Defendant may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, any claims and rights arising out of or in way connected with Capote's employment with Defendant or the termination of Capote's employment.

7.    **Non-Interference with Government Investigations.**  Nothing in this Agreement shall interfere with Capote's right to cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency. However, to the fullest extent allowed by law, the promises and other consideration provided to Capote in this Agreement shall be the sole relief provided to Capote for the claims that are released herein, and Capote will not be allowed to recover and hereby releases and waives any monetary benefits or recovery against any Released Parties in connection with any other claim, charge or proceeding without regard to who has brought such complaint or charge.  To the extent Capote is awarded any form of monetary relief

DocuSign Envelope ID: 37642F29-FD53-48CF-BF43-892C8592C765

in subsequent proceedings against any Released Parties based on claims released herein, Capote hereby assigns all such relief to Defendant.

8.  **Transfer of Claims.**  Capote represents and warrants that he has not assigned, transferred or purported to assign or transfer, to any person, firm, corporation, association, or entity whatsoever, any released claim or the proceeds of any settlement payment under this Agreement.  Capote agrees to indemnify and hold Defendant harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorney's fees), causes of action or judgments based on or arising out of any such assignment or transfer.  Capote further warrants that there is nothing that would prohibit Capote from entering into this Agreement.

9.  **No Future Employment.**  Capote hereby understands and agrees that Capote will not be re-employed by Defendant in the future and that he will never knowingly apply for employment with Defendant for any job or position in the future.

10.  **Non-Disparagement.**  Capote agrees not to criticize, denigrate, or otherwise disparage Defendant.  This agreement shall not, however, prevent Capote from making any truthful communication with any person regarding the existence of this action, the nature of the allegations made in this action, or the resolution of this action.

11.  **Enforcement of Agreement.**  In the event that one or more of the Parties institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this settlement or to declare rights and/or obligations under this settlement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement action.

12.  **Payment of Applicable Taxes.**  Except for amounts withheld from the above proceeds by Defendant for employment taxes, Capote is and shall be solely responsible for all federal, state and local taxes that may be owed by Capote by virtue of the receipt of any portion of the monetary payment provided under this Agreement.  Capote hereby agrees to indemnify and hold Defendant and all other Released Parties harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding Capote's portion of any tax obligations that may arise from the monetary consideration made to or on behalf of Capote under this Agreement.

13.  **Return of Company Property.**  Capote acknowledges and agrees that Capote has returned all of Defendant' property in her possession or control.  If any of Defendant' property is still in Capote's possession or control, he agrees to return such property within ten (10) business days of this Agreement.

14.  **Capote is not a Medicare Beneficiary.**  Capote affirms and warrants that he is not Medicare eligible, that he is not a Medicare beneficiary, and that he is not within thirty (30) months of becoming Medicare eligible; that he is not age 65 or older; that he is not suffering from end stage renal failure or amyotrophic lateral sclerosis; that he has not received Social Security benefits for twenty-four (24) months or longer; and/or he has not applied for Social Security benefits, and/or has not been denied Social Security disability benefits and is appealing the denial.  Capote further affirms and warrants that he has

made no claim for illness or injury against, nor is he aware of any facts supporting any claim against, Defendant for medical expenses incurred by him before or after the execution of this Agreement. Because Capote is not a Medicare beneficiary as of the date of this Agreement, he is not aware of any medical expenses which Medicare has paid and for which Defendant are or could be liable now or in the future. Capote is not aware of any liens of any governmental entities, including any liens for Medicare conditional payments, relating to him in any way.

15.     **Neutral Reference.**  Capote will direct any person or entity requesting employment verification to contact Luciano Chetan by phone: 404.220.7720 or email: lucianoc@conciergegroup.co.  The requesting person or entity will be provided only Capote's dates of employment, last position held and final rate of pay.  Capote understands and agrees that neither Defendant nor any Released Parties can assume responsibility for what any employee of Defendant (current or former) might say to a prospective employer if a prospective employer contacts, for any reason, any person or entity other than as specified in this paragraph.

16.     **Entire Agreement.**  This Agreement contains the entire agreement and understanding between Capote and Defendant with respect to any and all disputes or claims that Capote has, or could have had, against Defendant or any other Released Parties as of the date of this Agreement is executed, and this Agreement supersedes all other agreements between Capote and Defendant with regard to such disputes or claims.  This Agreement shall not be modified unless in writing and signed by Capote and Luciano Chetan.

17.     **Severability.**  The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.  If any portion of this Agreement is found invalid, the Parties agree to enter into a full and general release that is valid.

18.     **Time to Review and Potential Revocation:** In addition to all other provisions of this Agreement, and pursuant to the Older Workers' Benefit Protection Act, 29 U.S.C. § 626(f), the Parties Agree as follows:

    **a.**   Capote acknowledges that he has read and understands the terms of this Agreement;

    **b.**   Capote acknowledges that he has been advised to consult with an attorney, and has, in fact, consulted with his attorney;

    **c.**   Capote acknowledges and agrees that he has been given up to 21 days to consider whether or not to enter into this Agreement ("Execution Deadline"), has taken as much of this time as necessary to consider whether to enter into this Agreement, and has chosen to enter into this Agreement freely, knowingly, and voluntarily; and

    **d.**   For a 7-day period following the execution of this Agreement by Capote, he may revoke the Agreement by delivering a written revocation to Jackie Lee at jackie@leelawga.com. This Agreement shall not become effective and enforceable until the revocation period has expired.  If Capote does not sign this Agreement and provide Defendant with an executed copy of this Agreement, on or before the Execution Deadline, or if he timely revokes this Agreement, this Agreement shall become null and void.  Any negotiations or requested changes to this Agreement shall not restart the running of the 21 days.

19.     **Acknowledgment.**  **Capote acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Capote enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein.  Capote further acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that Capote understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted.  Capote also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Defendant and (b) that he has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his attorney's advice.  Capote acknowledges that the payment described in Paragraph 5 is good and sufficient consideration to support this Agreement.  Capote further understands and acknowledges that he is only releasing claims that arose prior to the execution of this Agreement.**

20.     **Waiver.**  No waiver of any breach of any term or provision of this Agreement shall be, or shall be construed to be, a waiver of any other breach of this Agreement.  No waiver shall be binding under this Agreement unless it is in writing and signed by the party waiving the breach.

21.     **Execution.**  This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.  The exchange of copies of this Agreement and of signature pages by electronic signature providers, facsimile transmission or by electronic mail as a .pdf file shall constitute effective execution and delivery of this Agreement as to the parties and may be used in lieu of the original Agreement for all purposes.

22.     **Headings.**  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

23.     **Choice of Law.**  This Agreement is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies.  The Parties further agree that this Agreement may be enforced in any court of competent jurisdiction in Georgia, and the Parties hereby subject themselves to the jurisdiction of such courts in any such enforcement action.

        THE PARTIES UNDERSTAND AND AGREE THAT THEY MAY BE WAIVING SIGNIFICANT LEGAL RIGHTS BY SIGNING THIS AGREEMENT, AND REPRESENT THAT THEY HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITH A FULL UNDERSTANDING OF AND IN AGREEMENT WITH ALL OF ITS TERMS.

        IN WITNESS THEREOF,  the Parties hereto have executed this Settlement Agreement and General Release on the dates provided below.

**[SIGNATURES ON FOLLOWING PAGE]**

Robert Capote

DocuSigned by:

_____
E45060686B9524E0...

Date: 8/17/2022
_____

Concierge Group Services, LLC

*LUCIANO CHETan*
LUCIANO CHETan (Aug 18, 2022 15:27 EDT)
_____

Name: LUCIANO CHETan
_____

Date: Aug 18, 2022
_____